UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. MCCOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. TORRES, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01023-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>(Doc. 28)<br><br>21-DAY DEADLINE |

　　　　Before the Court is Defendants' partial motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 28.) For the reasons set forth below, the Court recommends that the motion be granted.

**I.　BACKGROUND**

　　　　Plaintiff's operative claims are for excessive force and deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983, and negligence and intentional infliction of emotional distress under state law. (Doc. 17; *see also* Docs. 11, 19.) Defendants filed their partial motion to dismiss on the grounds that Plaintiff failed to submit an administrative claim with the California Government Claims Board for his state-law claims. (Doc. 28.) Though Defendants' served the motion to dismiss on Plaintiff (*see id.* at 3; Doc. 28-1 at 6), Plaintiff failed to file an opposition or a statement of non-opposition to the motion within 21 days. The Court finds that Plaintiff has waived any opposition and deems the motion submitted. *See* Local Rule 230(l).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

## III. DISCUSSION

"California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board … no more than six months after the cause of action accrues." *Lopez v. Cate*, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). "Timely claim presentation is not merely a procedural requirement, but is … a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the

2

Prison Litigation Reform Act. *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013)).

Defendants request that the Court take judicial notice of the following records from the Government Claims Program ("GCP") within the California Department of General Services (formerly the Victim Compensation and Government Claims Board), pursuant to Federal Rule of Evidence 201(b)(2): a declaration from a legal analyst within the California Attorney General's Office attesting to a search of the GCP's Standardized Insurance Management System ("SIMS") computer database for claims from Plaintiff, as well as a declaration from a staff services manager within the GCP confirming that the Attorney General's Office has read-only access to the GCP's SIMS computer database. (Doc. 29.) The records, attached to Defendants' request for judicial notice, indicate that Plaintiff has not filed a claim with the GCP regarding the July 2, 2017 incident that is the subject of this action. (*See id.* at 5, 7.)

Based on the above records, the Court takes judicial notice of the fact that Plaintiff has not filed a claim with the Government Claims Program regarding the incident underlying this action. *See* Fed. R. Evid. 201(b)(2), (c)(2). Accordingly, the Court finds that Plaintiff has not complied with the Government Claims Act. The Court notes that Plaintiff also fails to allege compliance with the Government Claims Act in his complaint.

IV.   **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that Defendants' partial motion to dismiss (Doc. 28) be **GRANTED** and that Plaintiff's claims of negligence and intentional infliction of emotional distress be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

*Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 2, 2020**__         _____**/s/ Jennifer L. Thurston**_____
                                        UNITED STATES MAGISTRATE JUDGE