UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>D. TORRES, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01023-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**<br><br>(Doc. 32)<br><br>14-DAY DEADLINE |

Before the Court is Plaintiff's "motion for preliminary injunction and/or temporary restraining order due to Plaintiff's high risk to COVID-19." (Doc. 32.) For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

**I.    BACKGROUND**

This action proceeds on Plaintiff's claims of excessive force and deliberate indifference to serious medical needs under 42 U.S.C. § 1983, based on a pepper-spraying incident that occurred at Kern Valley State Prison (KVSP) in July of 2017. (*See* Docs. 1, 11, 16, 19.)

On September 21, 2020, Plaintiff filed the instant motion, requesting that the Court order the secretary of the California Department of Corrections and Rehabilitation or the warden of Pelican Bay State Prison (PBSP), where Plaintiff is currently incarcerated, to transfer him to a different prison or release him from custody. (Doc. 32.) Plaintiff alleges the risk of contracting COVID-19 at PBSP poses "a direct threat to his health." (*Id.* at 1.) Defendants filed an opposition

to Plaintiff's motion on October 7, 2020 (Doc. 34), to which Plaintiff filed a reply (Doc. 35). The motion is submitted.

## II.   DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' … and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

In their opposition to Plaintiff's motion, Defendants contend that "the Court lacks jurisdiction over the Warden and Secretary who would carry out Plaintiff's request." (Doc. 34 at 1.) The Court agrees. The defendants in this action are correctional officers at Kern Valley State Prison, whom Plaintiff sues for an alleged pepper-spraying incident at KVSP in 2017. Plaintiff does not sue any officials at CDCR or PBSP. The Court, therefore, lacks jurisdiction over the secretary of CDCR and the warden of PBSP.

Additionally, Plaintiff's requested injunction is unrelated to the claims in this lawsuit. Plaintiff's operative claims are for excessive force and deliberate indifference, based on the July 2017 pepper-spraying incident at KVSP. (Docs. 1, 11, 19.) Plaintiff's claims are unrelated to the COVID-19-related issues at PBSP that Plaintiff raises in the instant motion. The claims and

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted). Therefore, the Court considers Plaintiff's request for a temporary restraining order and a preliminary injunction simultaneously.

requested relief in Plaintiff's motion are therefore outside the scope of this lawsuit. As explained above, "an injunction must be narrowly tailored … to remedy only the specific harms shown by the plaintiff[], rather than 'to enjoin all possible breaches of the law.'" *Price*, 390 F.3d at 1117 (citation omitted). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The relief that Plaintiff seeks goes well behind that to which he would be entitled if he were to succeed at trial in this case. "Because the Court only has jurisdiction over the operative claims in the Complaint, it lacks the ability to provide the relief Plaintiff seeks in the [motion for preliminary] injunction." *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted). Put another way, Plaintiff's requested relief would not remedy the wrongs alleged his complaint. *See id.*

### III.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion for a preliminary injunction or a temporary restraining order (Doc. 32) be **DENIED**. These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 21, 2020**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE