UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. MCCOY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. TORRES, et al.,<br><br>　　　　　　Defendants. | No. 1:19-cv-01023-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO DISMISS<br><br>(Doc. Nos. 28, 30) |

　　　　Plaintiff Aaron D. McCoy is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　This case proceeds on plaintiff's claims of excessive force and deliberate indifference to serious medical needs in violation of his rights under the Eighth Amendment, as well as negligence and intentional infliction of emotional stress under state law, based on an incident that occurred on July 2, 2017. (Doc. Nos. 11, 17.) On July 14, 2020, defendants filed a motion to dismiss plaintiff's state-law claims on the grounds that plaintiff failed to submit an administrative claim within six months of the accrual of the causes of action, as required by the California Government Claims Act. (Doc. No. 28.) Plaintiff failed to file an opposition or a statement of non-opposition to defendants' motion.

/////

On September 3, 2020, the assigned magistrate judge filed findings and recommendations, recommending that defendants' motion to dismiss be granted and that plaintiff's state-law claims be dismissed from this action. (Doc. No. 30.) The magistrate judge took judicial notice of records from the California Government Claims Program ("GCP"), which indicate that plaintiff has never filed a claim with the GCP regarding the incident at issue in this action. (*Id.* at 3.) Based on these records, the magistrate judge found that plaintiff failed to comply with the Government Claims Act. (*Id.*) Because plaintiff had failed to file a response to defendants' motion to dismiss, the magistrate judge deemed any opposition waived, pursuant to Local Rule 230(l). (*Id.* at 1.)

The magistrate judge provided plaintiff 21 days to file objections to the findings and recommendations. (*Id.* at 3.) After receiving an extension of time, plaintiff filed objections on November 2, 2020. (Doc. No. 36.) Therein, plaintiff contends that he "sent a government claim to that Claim Board shortly after he filed the now exhausted grievance . . . but apparently, the documents were never mailed by staff." (*Id.* at 1.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

As an initial matter, the magistrate judge deemed plaintiff's failure to respond to defendants' motion to dismiss as a waiver of any opposition, which is permitted by Local Rule 230(l). The court may grant defendants' motion on this ground alone.

Even considering plaintiff's objections as a belated opposition to the pending motion to dismiss, the court finds that defendants' motion should be granted. It is undisputed that the GCP never received an administrative claim from plaintiff regarding the incident underlying this action. Although plaintiff contends that he submitted a claim to prison officials but that it was "apparently . . . never mailed," (Doc. No. 36 at 1), he provides no evidence or details to support this contention, such as a declaration signed under penalty of perjury, a copy of the claim he allegedly submitted, or descriptions of the officials to whom he allegedly provided the claim for

mailing.  Furthermore, plaintiff does not contend that he ever contacted the GCP to inquire as to why he never received a response to his administrative claim, despite having allegedly submitted it more than three years ago.  Lastly, the allegation that prison officials purposefully failed to mail plaintiff's claim to the GCP is belied by the fact that they did, apparently, submit his inmate grievance as required by the Prison Litigation Reform Act.  (*See id.*)  A plaintiff is "only deemed to have substantially complied [with the Government Claims Act] if they are actually received by the entity."  *Hoffmann v. Oliveros*, No. 18-CV-06577-JD, 2020 WL 3060745, at *5 (N.D. Cal. June 9, 2020).  For these reasons, the court finds that plaintiff's contention is a self-serving assertion without support to meaningfully challenge defendants' showing that he failed to comply with the Government Claims Act.

Accordingly,

1. The findings and recommendations issued on September 3, 2020 (Doc. No. 30) are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 28) is granted;
3. Plaintiff's state-law claims are dismissed from this action; and,
4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **January 11, 2021**            /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE

3